# Exhibit B

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                                                 SUPERIOR COURT

|  |
|---|
| CHERYL MONETTE,<br>    Plaintiff<br><br>v.<br><br>CHARTER COMMUNICATIONS,<br>INC.,<br>    Defendant |

## COMPLAINT

Plaintiff Cheryl Monette ("Ms. Monette" or "Plaintiff") brings this action against her former employer, Charter Communications, Inc. ("Charter" or "Defendant") alleging discrimination on the basis of her age, disability, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Mass. Gen. L., ch. 151B.

## PARTIES

1. Cheryl Monette ("Plaintiff" or "Monette"), is an individual residing at 27 Raymond Street, Ludlow, Hampden County, Massachusetts 01108.

2. Charter Communications, Inc. ("Defendant" or "Charter"), is a Delaware corporation registered to do business in Massachusetts.

## FACTUAL ALLEGATIONS

3. Plaintiff was hired by Greater Media Cable on May 22, 1989.

4. In or about 1999, Greater Media Cable was purchased by Defendant and Plaintiff became an employee of Defendant.

5. Plaintiff was diagnosed with Uterine Cancer on or about March 1, 2014.

6. Plaintiff was over the age of forty (40) at all times adverse employment actions were taken against her.

7. From March 17, 2014 through May 2014, Plaintiff took a medical leave under the Family and Medical Leave Act ("FMLA") for a surgical procedure and cancer treatment.

8. When Plaintiff requested medical leave, Defendant became aware that she had cancer and required a reasonable accommodation.

9. Shortly after Plaintiff requested medical leave, she was issued a warning for failing to meet sales quotas.

10. Shortly after she returned from her leave, Plaintiff was issued a written warning and placed on a Performance Improvement Plan ("PIP") for failing to meet sales quotas.

11. Defendant did not take Plaintiff's medical leave into consideration when issuing her warnings and the PIP.

12. In July 2014, Plaintiff's weekly performance sheet showed that she was consistently meeting her sales goals.

13. In October 2014 and December 2014, Defendant issued Plaintiff written warnings for failing to meet sales goals again.

14. These sales quotas were unreasonable, were not previously imposed on Plaintiff or other similarly situated employees, and were designed so that she would fail. She informed Defendant of this, notified them that other employees were having difficulty meeting their sales quotas, and informed them that employees were improperly inflating their sales numbers. Nonetheless, Defendant continued to only discipline her.

15. In or about 2014, Plaintiff requested to take the Charter Specialist test to be certified so that she could advance her pay and status. Her supervisors, David Rutkowski and Ben (last name unknown), regularly provided excuses as to why she could not take the test even though other similarly situated employees were offered opportunities to take the test.

16. In or about 2014, an employee who was significantly younger than Plaintiff, Heather (in her 30s), began to harass her and make comments about her age, including calling Plaintiff a "moron," "jackass" and stating that the Plaintiff was "ready to retire anyway." Heather repeatedly belittled Plaintiff in front of customers.

17. Plaintiff complained about Heather's harassment to her supervisor, Mr. Rutkowski, however he did not do anything and the harassment continued.

18. In or about August 2015, Plaintiff complained to Mr. Rutkowski about Heather's conduct and told him she was going to make an internal harassment complaint. Mr. Rutkowski pleaded with Plaintiff to not make the internal complaint and said he would "take care of it." However, Heather's harassment continued and Mr. Rutkowski did not "take care of it."

19. On October 8, 2015, Mr. Rutkowski terminated Plaintiff's employment without warning for allegedly failing to follow a cash management procedure.

20. The similarly situated employees who were not disciplined were younger, not disabled, and/or did not complain.

21. Plaintiff was replaced by an employee in her 50s who was significantly younger than Plaintiff.

22. The position Plaintiff held when she was terminated was the Senior Customer Sales and Service Center Representative in Defendant's Ludlow, Massachusetts location.

3

## COUNT I
## MASSACHUSETTS DISCRIMINATION – Disability Termination
## (Mass. G.L. ch. 151B)

23. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

24. Plaintiff satisfied all prerequisites under Mass. G.L. ch. 151B and otherwise to filing the present Complaint.

25. Plaintiff was an individual with a handicap, a record of a handicap, and/or was regarded by Defendant as having a handicap.

26. Plaintiff was qualified to perform the essential functions of her job with Defendant.

27. Plaintiff was willing and able to perform the essential functions of her job with or without a reasonable accommodation from Defendant.

28. Defendant terminated Plaintiff or otherwise discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her handicap, her record of a handicap, or because Defendant regarded her as having a handicap.

29. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

30. Plaintiff is entitled to recover damages.

## COUNT II
## MASSACHUSETTS DISCRIMINATION – Age Termination
## (Mass. G.L. ch. 151B)

31. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

32. Plaintiff satisfied all prerequisites under Mass. G.L. ch. 151B and otherwise to filing the present Complaint.

33. Plaintiff is in a protected class based on her age.

34. Defendant failed to promote Plaintiff or otherwise discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her age.

35. Defendant replaced Plaintiff with a younger person not in the protected age class and/or otherwise failed to treat age neutrally in taking adverse action against Plaintiff.

36. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

37. Plaintiff is entitled to recover damages.

### COUNT III
### MASSACHUSETTS DISCRIMINATION – Retaliation
### (Mass. G.L. ch. 151B)

38. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

39. Plaintiff satisfied all prerequisites under Mass. G.L. ch. 151B and otherwise to filing the present Complaint.

40. Defendant discriminated against Plaintiff because she opposed practices forbidden under Mass. G.L. ch. 151B and engaged in protected activity under Mass. G.L. ch. 151B.

41. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

42. Plaintiff is entitled to recover damages.

## COUNT IV
## THE AMERICANS WITH DISABILITIES ACT – Termination
## (42 U.S.C. 12101, et seq.)

43. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

44. Plaintiff satisfied all prerequisites under The Americans with Disabilities Act and otherwise to filing the present Complaint.

45. Plaintiff was an individual with a disability, a record of a disability, and/or was regarded by Defendant as having a disability.

46. Plaintiff was qualified to perform the essential functions of her job with Defendant.

47. Plaintiff was willing and able to perform the essential functions of her job with or without a reasonable accommodation from Defendant.

48. Defendant terminated Plaintiff or otherwise discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her handicap, her record of a handicap, or because Defendant regarded her as having a handicap.

49. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

50. Plaintiff is entitled to recover damages.

## COUNT V
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT – Termination
## (29 U.S.C. § 623, et seq.)

51. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

52. Plaintiff satisfied all prerequisites under The Age Discrimination in Employment Act and otherwise to filing the present Complaint.

53. Plaintiff is in a protected class based on her age.

54. Defendant terminated Plaintiff or otherwise discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her age.

55. Defendant replaced Plaintiff with a younger person not in the protected age class and/or otherwise failed to treat age neutrally in taking adverse action against Plaintiff.

56. As a proximate and foreseeable consequence of Defendant's acts or attempted acts, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

57. Plaintiff is entitled to recover damages.

## COUNT VI
## THE AMERICANS WITH DISABILITIES ACT – Retaliation
## (42 U.S.C. § 12101, et seq.)

58. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

59. Plaintiff satisfied all prerequisites under The Americans with Disabilities Act and otherwise to filing the present Complaint.

60. After Plaintiff engaged in protected activity, Defendant took adverse actions against Plaintiff, including but not limited to disciplining Plaintiff and terminating Plaintiff's employment with Defendant.

61. There is a causal link between Plaintiff's protected activity and the adverse actions taken against Plaintiff by Defendant.

62. As a proximate and foreseeable consequence of Defendant's retaliatory conduct, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

63. Plaintiff is entitled to recover damages.

## COUNT VII
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT – Retaliation
## (29 U.S.C. 623, et seq.)

64. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

65. Plaintiff satisfied all prerequisites under The Age Discrimination in Employment Act and otherwise to filing the present Complaint.

66. After Plaintiff engaged in protected activity, Defendant took adverse actions against Plaintiff, including but not limited to disciplining Plaintiff and terminating Plaintiff's employment with Defendant.

67. There is a causal link between Plaintiff's protected activity and the adverse actions taken against Plaintiff by Defendant.

68. As a proximate and foreseeable consequence of Defendant's retaliatory conduct, Plaintiff suffered and will continue to suffer loss of income and employment benefits, mental and emotional distress and other damages and losses.

69. Plaintiff is entitled to recover damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a. actual damages;
b. compensatory damages;
c. back pay;
d. front pay;
e. liquidated damages;
f. emotional distress damages;
g. punitive damages;
h. costs;
i. reasonable attorney fees;
j. interest; and
k. such other relief and further relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: September 19, 2018

Respectfully Submitted,
Cheryl Monette
By her attorneys:

Jeffrey S. Morneau, Esq. (BBO No. 643668)
Lan T. Kantany, Esq. (BBO No. 688387)
CONNOR & MORNEAU, LLP
273 State Street, Second Floor
Springfield, MA 01103
(413) 455-1730 (phone)
(413) 455-1594 (fax)
jmorneau@cmolawyers.com
lkantany@cmolawyers.com